**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRIAN THOMAS ADAMO
Private Citizen of the United States
of America, in *esse* and *sui juris*,

    Plaintiff,

   v.                                                                 No. CV 14-0838 MCA/SMV

RAYMOND L. ROMERO,
DAVIS RUTHERFORD RUARK,
DEBRA LAUTENSCHLAGER,
FIFTH JUDICIAL DISTRICT COURT,
RICHARD VAN DYK,
HENRY CASTANEDA,
EDDY COUNTY MAGISTRATE COURT,
MIKE INGRAM,
EDDY COUNTY DETENTION CENTER,
BLAINE RENNIE,
CARLSBAD POLICE DEPARTMENT,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Amended Bill in Equity for Emergency Injuctory Relief (Doc. 13-1) (hereinafter the "complaint").[1] The case has been entered on the Court's civil docket as a habeas corpus proceeding. Plaintiff paid the statutory $400.00 filing fee for a civil action and the $5.00 fee for a habeas corpus proceeding. He alleges that he is confined under a $1 million cash bond in the Eddy County, New Mexico, Detention Center "at conflict and

---

[1] The Federal Rules of Civil Procedure dictate the Court's construction of Plaintiff's Bill in Equity as a complaint. As prescribed by rule 2 in its entirety, "There is one form of action--the civil action." Fed. R. Civ. P. 2. And as further explained in the Advisory Committee Notes to rule 2, "Reference to . . . suits in equity . . . should now be treated as referring to the civil action prescribed in these rules." *Id.* advisory committee's note.

variance of equitable property rights." (Doc. 13-1 at 5.)[2] He is awaiting his trial on October 14, 2014, on state criminal charges that are not identified in the Petition. He alleges that he is "not the CORPORATE PERSON named in the arrest warrant," (*id.*), he "has not harmed any living soul, nor caused any injury to property," (*id.* at 6), and that Defendants are "wrongfully holding him as surety for a public debt," (*id.* at 7). For relief, he asks that the proceedings against him be "properly withdrawn from the at-law side of the Fifth Judicial District Court . . . and re-deposited as special," (*id.*), and that "a mandatory injunction may issue for abatement of trial and judgment . . . ; to release the Plaintiff immediately from EDDY COUNTY DETENTION CENTER . . . ; and to return in good condition all [seized] property." (*Id.*) He also seeks "reparations," (*id.* at 8), for the above deprivations.

As a preliminary matter, the Court notes that it is not entirely clear that Plaintiff has actually signed the original or amended complaint. The original document appears to be signed by his mother "as power of attorney for" Plaintiff and thus may be an unsigned document as to him. *See* Fed. R. Civ. P. 11; D.N.M.LR-Civ 10.3; *LaVenture v. Aramark Correctional Service Inc.*, 76 F. App'x 870, 872 (10th Cir. 2003) (ruling that an appellant must sign notice of appeal). An "oath and verification" of Plaintiff's signature is signed by his mother (Doc. 7 at 5). A notary public's acknowledgement makes no reference to Plaintiff's signature but affirms that he "made a restricted visitation and solemnly affirmed" the truth of various signed documents (e.g., Doc. 7 at 6). And certificates of service of Plaintiff's filings (Doc. 2, 8, 11) are signed only by a notary public. Plaintiff's name appears on the signature line of the amended complaint, although the handwriting is remarkably similar to his mother's. The notary's acknowledgment in the amended

---

2 Page numbers are those imposed at the top of each page by the Court's automated docketing system.

filings states that the documents were "subscribed" by Plaintiff.  And, once again, the certificate of service of the amended filings is signed by the notary public and not by Plaintiff.

The apparent absence of Plaintiff's actual signature on the complaint raises, at the least, a two-part jurisdictional issue.  As discussed by the Court of Appeals for the Tenth Circuit,

> Under the doctrine of "third-party" or "*jus tertii*" standing, Plaintiffs may assert the rights of others not before the court if they can "make two additional showings." First, Plaintiffs must show that "the party asserting the right has a 'close' relationship with the person who possesses the right." Second, Plaintiffs must show that "there is a 'hindrance' to the possessor's ability to protect his own interests."

*Aid For Women v. Foulston*, 441 F.3d 1101, 1111-12 (10th Cir. 2006) (citing *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004); *Terrell v. INS*, 157 F.3d 806, 809 (10th Cir. 1998) ("Third-party standing requires not only an injury in fact and a close relation to the third party, but also a hindrance or inability of the third party to pursue his or her own claims.")).  Here, the maternal relationship appears to meet the initial requirement, *see Hays v. Murphy*, 663 F.2d 1004, 1008 (10th Cir. 1981), but the complaint does not provide a specific, detailed explanation why Mr. Adamo is unable to prosecute his action, *see Demosthenes v. Baal*, 495 U.S. 731, 733 (1990); *Terrell v. INS*, 157 F.3d at 809.  Without this explanation, Plaintiff must sign each filing in this case.

Furthermore, envelopes and signature blocks on Plaintiff's filings indicate that his address is the same as his mother's.  In text, however, his complaint states that he is confined in the Eddy County Detention Center.  The docket will be corrected accordingly, and henceforth--absent explanation why Mr. Adamo is unable to prosecute this matter--copies of filings will be sent to Plaintiff at the detention center.  As stated by the Court of Appeals for the Tenth Circuit, "This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern

other litigants.' " *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Even if Plaintiff did sign the complaint and other filings, the Court may not grant his request for an injunction abating the pending state court criminal proceedings against him or ordering his release. Plaintiff's request for mandatory injunctive relief is barred by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977). By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

And although Plaintiff does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973).

> Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.

*Vendo*, 433 U.S. at 630; *see also Vernitron Corp. v. Benjamin*, 440 F.2d 105, 108 (2d Cir. 1971) (noting § 2283's prohibition of "enjoining of state court suits except in those situations where the real or potential conflict threatens the very authority of the federal court"). Plaintiff invokes none of the statutory exceptions, and his claims for injunctive relief against state criminal proceedings

and for release from custody will be dismissed.

Furthermore, Plaintiff's request for release from custody must be pursued in a habeas corpus proceeding. "To the extent that he seeks injunctive relief, success on this claim would result in a speedier release from custody, so the claim . . . must be pursued as a habeas claim under § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (claims for speedier release must be brought through habeas); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (claim that federal sentence ran concurrently with state sentence should be brought under § 2241). *Frey v. Adams County Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008). *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("a prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus.") (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)); *see also Frey v. Adams County Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Nothing in this opinion shall be construed as prejudicial to Plaintiff's right to pursue remedies under the habeas corpus statutes.

The Court construes Plaintiff's request for "reparations" as seeking damages on his claim of unconstitutional confinement. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. The Court notes that the rule in *Heck* can apply to pre-trial claims, *see Ippolito v. Justice Serv. Division*, 562 F. App'x 690, 692 (10th Cir. 2014) ("we have applied *Heck* to a civil claim involving pretrial detention.")

> [A] state prisoner's . . . action [for damages] is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter

the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), *quoted in Penrod v. Quick*, 507 F. App'x 775, 777 (10th Cir. 2013).  "Because [Plaintiff] would need to prove that his detention was unlawful in order to receive an award of damages for that detention, the district court correctly concluded that *Heck* applied to bar Plaintiff's *Bivens* action."  *Cohen v. Clemens*, 321 F. App'x 739, 742 (10th Cir. 2009).  Even his apparent claim of excessive bail is barred by the rule in *Heck* because it "essentially denies the charges against him, which [Plaintiff] may not do in a [civil rights] claim." *Pettit v. Whetsel*, No. 99-6107, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999).   The Court will dismiss Plaintiff's claims for damages without prejudice.  *Cf. Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

Finally, because of Plaintiff's apparent failure to comply with formal procedural requirements, he is hereby notified that, unless he corrects existing filing defects and complies with procedural requirements in the future, further attempts at prosecuting this or other non-complying actions may result in the imposition of filing restrictions or other sanctions.  *See* Fed. R. Civ. P. 11(c).

IT IS THEREFORE ORDERED that the Clerk is directed to correct Plaintiff's address on the docket as the Eddy County Detention Center, 201 N. Main, Carlsbad, NM 88220, and to send copies of filings to him at the detention center, except on further order of the Court;

IT IS FURTHER ORDERED that Plaintiff's claims for injunctive relief are DISMISSED without prejudice to his right to pursue relief under the habeas corpus statutes; his claims for

damages are DISMISSED without prejudice; the original and Amended Bill in Equity for Emergency Injuctory Relief, construed herein as a civil rights complaint, is DISMISSED; judgment will be entered; and the Clerk is directed to send Plaintiff a form petition under 28 U.S.C. § 2241.

_____
UNITED STATES DISTRICT JUDGE